UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIVIAN GIBSON, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 3:23-CV-1672-X |
| WALGREEN CO., | § § § | |
| *Defendant*. | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Parties' Stipulation Regarding Section 18.001 of the Texas Civil Practice & Remedies Code. (Doc. 14). In this stipulation, the Parties agree that Section 18.001 does not apply in this case.[1] But the Parties leave open the possibility that the Court may overrule this stipulation.[2] The Court won't do that. As the undersigned has previously recognized, "courts in this district have recently held that section 18.001" has limited, if any, applicability in federal court.[3] The Court sees no reason to apply Section 18.001, a state-law mandating certain evidentiary rules for state courts, in this federal case. Accordingly, the Court **RECOGNIZES** that Section 18.001 of the Texas Civil Practice & Remedies Code does not apply to this case.

---

[1] *Id.* at 1.

[2] *Id.*

[3] *Ramos v. Home Depot Inc.*, No. 3:20-CV-01768-X, 2022 WL 615023, at *2 (N.D. Tex. Mar. 1, 2022) (Starr, J.); *see also Hearn v. Kroger Texas, L.P.*, No. 3:21-CV-1648-D, 2021 WL 5505651, at *1 (N.D. Tex. Nov. 23, 2021) (Fitzwater, J.) (collecting cases); *Sanchez v. Aldi Tex., LLC*, 2021 WL 4441982, at *2 (N.D. Tex. Apr. 28, 2021) (Kinkeade, J.)

**IT IS SO ORDERED** this 5th day of December, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE